

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-16-2008

# USA v. Harnett

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5098

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Harnett" (2008). *2008 Decisions.* Paper 1733.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1733

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-5098
_____

UNITED STATES OF AMERICA

v.

EULALIA HARNETT,
a/k/a Baby Yoko,

Appellant.

_____

On Appeal from an Order of the United States District Court
for the District of New Jersey
(06-cr-00576-1)
District Judge: Honorable Mary Little Cooper

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 29, 2007

Before: BARRY, FUENTES, Circuit Judges, and DIAMOND,[*] District Judge.

(Opinion Filed:  January 16, 2008)

_____

OPINION OF THE COURT

_____

[*] Honorable Paul S. Diamond, District Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

-1-

FUENTES, <u>Circuit Judge</u>:

On November 29, 2006, Eulalia Harnett was sentenced to 16 months'
imprisonment, four years' supervised release, and a special assessment of $100 for
conspiring to distribute five grams or more of "crystal" methamphetamine, in violation of
21 U.S.C. § 846. After filing a notice of appeal, Harnett's counsel filed a motion to
withdraw, accompanied by a brief arguing that there are no non-frivolous issues for
appeal. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967). For the reasons that follow, we
will grant counsel's <u>Anders</u> motion and affirm the District Court's judgment of conviction
and sentence.

## I.

Because we write only for the parties who are familiar with the facts and the prior
proceedings, we will set forth only those facts necessary to our analysis. A single-count
Information was filed against Harnett charging her with conspiracy to distribute "crystal"
methamphetamine from September 2004 through October 2004. On June 19, 2006,
Harnett entered into a plea agreement with the government whereby she agreed to plead
guilty and the government agreed not to bring additional charges against her. In addition,
the government and Harnett entered into a mutual waiver of the right to appeal, which
stated in relevant part,

> Eulalia Harnett knows that she has, and voluntarily waives, the right to file
> any appeal, any collateral attack, or any other writ or motion, including but
> not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28

-2-

U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within the [United States Sentencing] Guidelines [("Guidelines")] range that results from the agreed total Guidelines offense level of 25.

(App. 24.)  At sentencing, the District Court agreed with the calculations in the presentence report setting the Guidelines offense level at 23, which corresponded to an advisory Guidelines range of 46-57 months' imprisonment.  Considering the factors set forth in 18 U.S.C. § 3553(a), the District Court departed from the low end of the Guidelines range by 30 months and imposed a sentence of 16 months of imprisonment, followed by four years of supervised release, and imposed a special assessment of $100.  Notwithstanding the plea agreement, Harnett filed an appeal.  Her attorney has subsequently submitted a brief certifying that Harnett raises no non-frivolous issues for appeal.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

**II.**

In Anders v. California, "the Supreme Court established guidelines for a lawyer seeking to withdraw from a case when the indigent criminal defendant he represents wishes to pursue frivolous arguments on appeal."  United States v. Youla, 241 F.3d 296, 299 (3d Cir. 2001).  These guidelines are reflected in our local appellate rules, which provide that, "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to Anders."  Third Circuit L.A.R. 109.2(a).  "If the panel agrees that the appeal is without merit, it will grant trial counsel's Anders

motion, and dispose of the appeal without appointing new counsel." Id. The Rule allows a defendant to file a *pro se* brief in response. Id. Although Harnett was notified of counsel's Anders brief, she did not file any response.

In this case, Harnett's appellate counsel has filed an adequate Anders brief, which demonstrates a thorough examination of the record on appeal. The brief adequately lays out the factual and procedural history of the case, and identifies several general topics which could arguably give rise to an appealable issue. First, the brief addresses whether Harnett knowingly and voluntarily entered a guilty plea. Second, the brief addresses whether Harnett knowingly and voluntarily waived her right to appeal. Third, the brief discusses whether Harnett's sentence was reasonable. The brief satisfactorily explains why there are no appealable issues related to these topics.

Our independent review of the record reveals that, as counsel has represented, there are no non-frivolous issues presented on appeal. Harnett knowingly and voluntarily entered a guilty plea and waived her right to appeal. Moreover, the District Court did not err in sentencing. The Guidelines range was properly calculated, the District Court properly ruled on all formal motions for departure, and the District Court properly exercised its discretion by considering the § 3553(a) factors, which is reflected in the 30-month departure from the low end of the Guidelines range. See United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (listing considerations to guide a district court in imposing a reasonable sentence). Finally, the District Court imposed a sentence well

below the Guidelines range accompanying an offense level of 25, which triggers the appeal waiver. See United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007) ("[W]e will not exercise . . . jurisdiction to review the merits of [a defendant's] appeal if we conclude that she knowingly and voluntarily waived her right to appeal unless the result would work a miscarriage of justice."). We find that the appeal is without merit and we will therefore dispose of it without appointing new counsel.

### III.

Accordingly, we will grant counsel's Anders motion and affirm the judgment and sentence of the District Court.